Exhibit A

# CRIMINAL ALIEN PROCESSING CHECKLIST

| BACKGROUND | | | | |
|---|---|---|---|---|
| **Name** | **A-number** | **DOB** | **Present Location** | **Prison ID Number** |
| ARIAS ORDONEZ, Noe | A79 637 965 | 02/10/1981 | ICE Custody | N/A |

| CRIMINAL HISTORY | | | | | |
|---|---|---|---|---|---|
| Conviction Date | Section Violation | Type | Sentence Imposed | Points |
| 07/31/2000 | 14601.1(A) VC-Drive while license suspended | M | 10 days | 1 |
| 10/02/2002 | 11377(A) HS-Possession Controlled Substance | M | 6 months | 1 |
| 04/06/2005 | 14601.2(A) VC-License suspended/DUI | M | 6 months | 1 |
| 06/05/2006 | 496 (A) PC-Receive Stolen Property | F | 6 months | 2 |
| | | | | |
| | | | | |
| | | | | |

| DEPORTATION / REMOVAL HISTORY | | | | |
|---|---|---|---|---|
| Date | Deport/VR/Reinstatement | Type | Port | Points |
| 11/06/2003 | Deport | IJ | SFR | 1 |
| 06/21/2004 | Reinstatement | | NOG | 1 |
| 04/12/2006 | Reinstatement | | SYS | 1 |
| 07/06/2006 | Reinstatement | | SYS | 1 |
| 07/18/2006 | Reinstatement | | CAL | 1 |
| 01/30/2007 | Reinstatement | | SFR | 1 |

(felony=(f) misdemeanor=(m) / f=2 points m=1 point)

**Point Total: 11**

<u>Mirandized</u> Statement Admitting Alienage / Identity / Deportation: ☒ Yes ☐ No

Mitigating Factors: In addition to current criminal convictions, subject has numerous arrests and removals.

Agent/Officer:  Mark Moser, Deportation Officer (415) 844-5535 or (415) 716-7238 Cell

Prosecution: ☐ Accepted  ☒ Declined   *Times limitations, No Agg. Felony Blanket*

| Signature | AUSA Name | Date |
|---|---|---|

Please indicate a decision, sign, and fax to (415) 844-5591.  Thank you!

Exhibit B

| To: | From: (INS office address) |
|---|---|
| **CUSTODIAN OF RECORDS, HOLDS/WARRANTS/DETAINERS**<br>**CITY/COUNTY JAIL, CALIFORNIA DEPT. OF CORRECTIONS,**<br>**UNITED STATES MARSHALS SERVICE, FEDERAL BUREAU OF PRISONS**<br>**AND/OR ANY SUBSEQUENT CUSTODIAL INSTITUTION**<br>**OR LAW ENFORCEMENT AGENCY** | U.S. DEPARTMENT OF JUSTICE<br>IMMIGRATION AND NATURALIZATION SERVICE<br>INVESTIGATIONS<br>630 SANSOME STREET, SAN FRANCISCO. CA 94111<br>Inquiries: (415) 844-5347    Pickup Arrangements: (415) 844-5549 |

| Alien Name (INS): ARIAS-Ordonez, Noe | Alien Name (Institution): Arias, Noe Ordonez | |
|---|---|---|
| Date of Birth: 2/10/1981 | Nationality: POB: Mexican | Offense Code (NCIC): | File No.: A 79 637 965 |
| CII: A11253399 | BOP No: | Date Sentenced: | Date Detainer Filed: 11/8/02 |
| FBI: 918173PB3 | Booking No: 9885203 | Sentence Length: | Date of Interview: 11/7/02 |
| Institution No: Sonoma County Jail | Sex: Male | Aggravated Felony: NO  DO  DR  OT | ERD: |

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

X Investigation has been initialized to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings. a copy of which is attached. was served on _____ (Date)

☐ A warrant of arrest in removal proceedings. a copy of which is attached. was served on _____ (Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification. work and quarters assignments. or other treatment which he or she would otherwise receive.

Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS (Detention Branch) by calling (415) 844-5549 during business hours or by fax at (415) 844-5563.

Please complete and sign the bottom block of the duplicate of this form and return it to this office.

A self-addressed stamped envelope is enclosed for your convienience.

Please return a signed copy via facsimile to (415) 844-5346 .    Return fax to the attention of _____ (Name of INS officer handling case)

X Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

X Notify this office in the event of the inmate's death or transfer to another institution. IF INMATE IS TRANSFERRED. NOTIFY GAINING INSTITUTION THAT THIS HOLD IS ACTIVE. PROVIDE A COPY OF THIS NOTICE TO THE GAINING INSTITUTION.

Please cancel any detainer previously placed by this Service (If any).

_____ (Signature of INS official)

Specia/ Agent (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: _____    Latest conviction charge: _____

Estimated Release Date: _____

Signature and title of official: _____

Form I-247SFR [Rev. 06-01-1999]N

Exhibit C

U.S. Department of Justice
Immigration and Naturalization Service

**Warrant for Arrest of Alien**

File No.:     **A 79 637 965**

Date:     **March 03, 2003**

**To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

**ARIAS-Ordonez, Noe**

(Full name of alien)

an alien who entered the United States at or near     **San Ysidro, California**     on

(Port)

**January 1, 1998**     is within the country in violation of the immigration laws and is

(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

(Signature of authorized INS official)

Francisco M. Theus
IHP. Director
San Francisco, CA

(Title)

---

**Certificate of Service**

Served by me at     *SFR*     on     *3/03/03*     at     *1700.*

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

(Signature of officer serving warrant)

(Title of officer serving warrant)

Form I-200 (Rev. 4-1-97)N

Exhibit D

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0085

**Immigration Bond**

Power No. _____

|  | (Bonded Alien) File No. | **A79 637 965** |
|---|---|---|
|  | Bond Receipt No. | **SFR-28071** |

A.  Name of Obligor: **Sofia Ordonez Sanchez**

Street Address of Obligor: **30 Madera Road, #4** } P.O. BOX 1060 BOYES H SPRS, CA 95416 } upon

City, State and ZIP code: **Sonoma, CA 95476**

Telephone: **(707) 935-7650**

Name of Agent/Co-Obligor (if any-Surety Bonds only): _____

Address (if different from that of Obligor): _____

Telephone: _____

Address to use for notice purposes:   ☒ Obligor    ☐ Agent    ☐ Both

If this is executed by a surety company the rate of premium is : _____ and the amount of premium is: _____

The name and address of the person who executed a written instrument with the surety company requesting it to post bond is _____

B.  Information about alien for whom bond is furnished: Name: **ARIAS-Ordonez, Noe**

Current location (i.e., where detained): **OCJ**

Date and country of birth: **02/10/81 / Mexico**      Nationality: **Mexico**

Date, port and means of arrival in the United States: **01/01/98 / SYS / EWI**

Alien to reside at: **same as obligor**

Telephone number of alien's residence: _____

C.  In consideration of the facts recited in paragraphs herein numbered _____ **G1** _____ and captioned

**Bond Conditioned Upon the Delivery of an Alien**

or riders lettered _____ and captioned _____ (and in any rider

obligor and the agent acting on its behalf (if any), by subscribing hereto, hereby declare that they are firmly bound unto the above named the United States in the sum of _____ **Five Thousand Dollars & 00/100***** _____ dollars **($5,000.00)** _____ unless the guarantee of the bond is that the alien shall not become a public charge, the obligor, and the agent acting on its behalf (if any), declare themselves bound in such amount or successive amounts as are prescribed in paragraph (G-2) herein as liquidated damages and not as penalty, which sum is to be paid to the United States immediately upon failure to comply with the terms set forth in any such paragraph or rider. The obligor and agent further agree that any notice to him/her in connection with this bond may be accomplished by mail, directed to him/her at the above address. The obligor acknowledges receipt of a copy of the executed bond and any attached rider or riders specified above.

D.  Signed this _____ **5TH** _____ day of _____ **March, 2003** _____
(Month/Year)

X _(signature)_
(Signature of Obligor)          (Signature of Agent/Co-Obligor (if any))

E.  Bond approved and accepted at _____ **San Francisco, CA** _____ on _____ **3/5/2003** _____   _(signature)_
(City and State)                          (Date)           Mark Riordan
(District Director)

F.  Surety Company _____

Agent-Bonding Company _____   Taxpayer Identification Number _____

Obligors-Cash/Treasury Bond **Sofia Ordonez Sanchez**   Taxpayer Identification Number _____

31 U.S.C. 7701(c)(1) requires each person doing business with a federal government agency to furnish that agency such   Taxpayer Identification Number **625 29 7448**
person's taxpayer identification number. It is the intent of the INS to use such number for purposes of collecting and reporting information on any delinquent accounts arising out of such person's relationship with the Government. The obligor, surety, or agent must furnish its Taxpayer Identification Number (TIN) to INS. Failure to furnish the TIN will result in a refusal of the bond.

IBIS √ OK
D7

Form I-352 (Rev 12/08/99) N

Exhibit E

## DEPARTMENT OF HOMELAND SECURITY
### Bureau of Immigration and Customs Enforcement
### 630 Sansome Street
### San Francisco, California  94111

File No.     **A79 637 965**

Date:     **October 2, 2003**

ARIAS-ORDONEZ, NOE
~~P.O. BOX 1060~~     *SEE BELOW*
~~BOYS HOT SPRINTS~~     *10/15/03*
SONOMA, CA  95416

As you know, following a hearing in your case you were found removable and the hearing officer has entered an order of removal. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to _____ **MEXICO** _____ on
_(country)_

**NOVEMBER 4, 2003** _____ from _____ **San Francisco, California** _____ on the
_(date)_                              _(port of departure)_

**Transportation to be provided by the Government**
_(name of vessel, airline, or other transportation)_

You should report to a United States Immigration Officer at     **ROOM 548 -WINDOW A**
                                                                                    **on**
                                                                                    _(No.)_

**630 Sansome Street, San Francisco, CA  94111** _____ at _____ **8:00AM on NOVEMBER 4, 2003**
                                                                                    _(hour and date)_

completely ready for deportation.  At the time of your departure from _____ **San Francisco, California**
                                                                                    _(place of surrender)_

you will be limited to _____ **70** _____ pounds of baggage.

Should you have personal effects in excess of this amount, you must immediately contact

**Deportation Officer**
_(name of officer)_

address noted above, and appro

cc:     File

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

   ARIAS-ORDONEZ, NOE
   P.O. BOX 1060
   BOYS HOT SPRINTS
   SONOMA, CA  95416

   DRO/AAA/I-166     11/04/03
   A79 637 965

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                            ☐ Agent
                                             ☐ Addr

B. Received by ( Printed Name)     C. Date of D
                                             OCT 2 8 2003

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

   USPS

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merch
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Ye

7003 0500 0004 6135 1655

Exhibit F

Notice to App

## In removal proceedings under section 240 of the Immigration and Naturalization Act

File No:   A 79 637 965

In the Matter of:

**ARIAS-Ordonez, Noe**

Respondent:

currently residing

/ IN SERVICE CUSTODY
(Number, street, city, state and ZIP code)

(Area code and phone number)

1. You are an arriving alien.

✔ 2. You are an alien present in the United States who has not been admitted or paroled.

3. You have been admitted to the United States, but are deportable for the reasons states below

Received
Department of Justice

MAR - 4 2003

Executive Office for Immigration Review

San Francisco, California

The Service alleges that you:

1. You are not a citizen or national of the United States.
2. You are a native of            Mexico            and a citizen of            Mexico
3. You entered the United States at or near   San Ysidro, California      on or about   January 1, 1998
4. You were not then admitted or paroled after inspection by an Immigration Officer;
5. You are not lawfully admitted for permanent residence.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. as amended. in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

Section 235(b)(1) order was vacated pursuant to:      8 CFR 208.30(f)(2)      8 CFR 235.3(b)(5)(iv

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

**TO BE SET**
(Complete Address of Immigration Court, Including Room Number, if any)

on                          at                          to show why you should not be removed from the United States based on the
   (Date)                    (Time)

charge(s) set forth above.

Date:      March 03, 2003

*Dow J. Clark III*
(Signature and Title of Issuing Officer)
**Dow J. Clark III**
San Francisco, California
**Deputy HP Director**
(City and State)
**San Francisco, CA**

See reverse for important information

Form I-862 (Rev. 4-1-97)

# Notice to Respondent

**Warning:  Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings.  You are required to carry it with you at all times.

**Representation:**  If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16.  Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel.  A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case.  If any document is in a foreign language, you must bring the original and a certified English translation of the document.  If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear.  You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.  At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily.  You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number.  You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding.  You will be provided with a copy of this form.  Notices of hearing will be mailed to this address.  If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing.  If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing.  I waive my right to have a 10-day period prior to appearing before an immigration judge.

(Signature of respondent)

Before:                                                                        Date: 3/03/03

(Signature and title of INS officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____ (Date), in the following manner and in compliance with section 239(a)(1)(F) of the Act:

✓ in person          by certified mail, return receipt requested          by regular mail

✓ Attached is a list of organizations and attorneys which provide free legal services.

✓ The alien was provided oral notice in the _ENGLISH / ESPAÑOL_ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

(Signature of respondent if personally served)                    (Signature and title of officer)

Form I-862 (Rev. 4-1-97)

Exhibit G

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CALIFORNIA

IN THE MATTER OF:                    DATE:  Jun 6, 2003
ARIAS-ORDONEZ, NOE
                                     CASE NO.  A79-637-965

RESPONDENT IN REMOVAL PROCEEDINGS         DECISION

Jurisdiction was established in this matter by the filing of the Notice to
Appear issued by the Immigration and Naturalization Service, with the
Executive Office for Immigration Review and by service upon the
respondent.  See 8 C.F.R. sections 3.14(a), 103.5a.

The respondent was provided written notification of the time, date and
location of the respondent's removal hearing.  The respondent was also
provided a written warning that failure to attend this hearing, for other
than exceptional circumstances, would result in the issuance of an order of
removal in the respondent's absence provided that removability was established.
Despite the written notification provided, the respondent failed to appear
at his/her hearing, and no exceptional circumstances were shown for his/her
failure to appear.  This hearing was, therefore, conducted in absentia pursuant
to section 240(b)(5)(A) of the Immigration and Nationality Act.

   [ ]   At a prior hearing the respondent admitted the factual allegations
         in the Notice to Appear and conceded removability.  I find
         removability established as charged.

   [X]   The Immigration and Naturalization Service submitted documentary
         evidence relating to the respondent which established the truth
         of the factual allegations contained in the Notice to Appear.  I
         find removability established as charged.

I further find that the respondent's failure to appear and proceed with
any applications for relief from removal constitutes an abandonment
of any pending applications and any applications the respondent may have
been eligible to file.  Those applications are deemed abandoned and
denied for lack of prosecution.  See Matter of Pearson, 13 I&N Dec. 152
(BIA 1969); Matter of Perez, 19 I&N Dec. 433 (BIA 1987); Matter of R-R,
20 I&N Dec. 547 (BIA 1992).

ORDER:  The respondent shall be removed to MEXICO or in the
alternative to                                          on the charge(s)
contained in the Notice to Appear.

                                     _____
                                     MIRIAM HAYWARD
                                     Immigration Judge

cc:  Assistant District Counsel
     Attorney for Respondent/Respondent                        Z1

DNH

Exhibit H

**U.S. Department of Justice**
Immigration and Naturalization Service

**Warrant of Removal/Deportation**

To be completed by Service officer executing the warrant:
Name of alien being removed:

## ARIAS-ORDONEZ, NOE

Port, date, and manner of removal:



Photograph of alien
removed

Right index fingerprint
of alien removed

_Noé Arias O_
(Signature of alien being fingerprinted)

_# 901_
(Signature and title of INS official taking print)

Departure witnessed by: _DEO  U. Bro_
(Signature and title of INS official)

If actual departure is not witnessed, fully identify source or means of verification of departure:

If self-removed (self-deportation), pursuant to 8 CFR 241.7, check here. ☐

Departure Verified by:
(Signature and title of INS official)

Form I-205 (Rev. 4-1-97)N

Exhibit I

BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant ARIAS-ORDONEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-00738 MMC |
| Plaintiff, | ) ) | **DECLARATION OF NOE ARIAS-ORDONEZ IN SUPPORT OF MOTION TO DISMISS INDICTMENT** |
| v. | ) ) ) | |
| NOE ARIAS-ORDONEZ, | ) ) | |
| Defendant. | ) ) | |

1.  My name is Noe Arias-Ordonez and I was brought to the United States when I was a little boy. I believe I was 10 years old.

2.  I lived here with my family. I attended school at Sonoma Flowery School in Sonoma County.

3.  When I got older, I began working in restaurants. At the time of my deportation, I had worked my way up to being a general manager of one restaurant and an assistant manager at another.

4.  I have a daughter, Marisa Sofia Gonzalez, whom I love very much. She was born in the United States on May 8, 2000. Her mother was my girlfriend at the time of my deportation.

1    Her mother's name is Christina Gonzalez and she is a United States citizen.

5.    Although I am no longer able to live legally in this country, I stay in touch with Marisa and we talk on the telephone. Her mother, Christina, sends me pictures of my beautiful daughter.

6.    Christina and I are now good friends and she lets me participate in the raising of our daughter to the extent I am able to do so.

7.    Regarding my deportation proceedings, in 2003 when I was in North County Jail in Sonoma, the INS put a hold on me. When they were ready to release me, the INS picked me up.

8.    My family and I knew of the hold and that the INS were going to pick me up and so we were ready. My mother had borrowed money from a family friend and she posted bond for me so that I could get out of INS custody.

9.    I told my mother that she would get the money back after the hearing. I told her this because I knew it was money that my family had borrowed and that we had to pay it back. I knew that we would get it back after the hearing because that is what the INS told me.

10.    At that time, we were living at the Northside Avenue address. Our home at 30 Madera Street had burned down some time ago and so we had to move out until they were able to repair the damage.

11.    I gave the INS the Northside Avenue address. I also gave INS the Madera Street address because I believed that, because the repairs were almost completed, we were going to be able to move back any day. Unfortunately, we did not move back in because eventually when the repairs had been completed, the landlord told us that he had problems with insurance and would not permit us to move back in.

12.    I resided at the Northside Avenue address. My mailing address was P.O. Box 1060, Boyes Hot Springs, Sonoma, CA 95416. I believe my mother gave the INS our mailing address when she gave the INS the bond money. We have had this post office box for a very long time – since before 2000 and my family still receives mail at that post office box.

13.  I wanted to make sure that the INS had my address because I wanted to have my chance to tell the judge that I had been here as a little boy, that this was the only life I knew, and I wanted to ask for a chance to be here legally and to file whatever paperwork I had to – just as my parents were then doing so that they could be legal residents.

14.  I was told that I would receive mail telling me when the hearing was and that I should wait until I got the letter.  Because my mother was the one who usually checked the post office box, I would ask my mother every few days if I had any mail.  I never received any mail from the INS telling me when my hearing was going to be.

15.  The only mail my mother received addressed to me and from the INS was the letter saying that I had to turn myself in to the INS.  The letter did not say anything about court or a hearing but just said something about turning myself in.

16.  This is the only letter I ever got from the INS at either address.

17.  I went to turn myself in and I went to San Francisco to the INS.  I did not have ID and they would not let me into the building.  My mother and I went back home.  I called the INS and asked them why do you want me to turn myself in but you won't let me into the building?

18.  The person on the phone gave me a date and told me to come on that date and turn myself in.

19.  I went back on that date.  I walked in after my mother.  I was met by an INS official and immediately handcuffed.  My mother started crying.

20.  Later, after my mother had left and after a few hours of waiting in a room, an INS official came and I asked him about my court and when the hearing was going to be.  He said that he did not know anything about that and he said that I was going to Mexico.  The INS people thought it was funny and began making jokes.

21.  They later asked me where I was picked up.  I told them that I had turned myself in because I was hoping to see a judge.  They said I was stupid for turning myself in.

22.  I did not think I was stupid then and do not think so now.  If I had received a letter from the

DEF. MOT. TO DISM. INDICT.
No CR-07-00738 MMC                              3

1   INS telling me about my hearing date, I would have gone to the hearing. Just as I turned

2   myself in, I would have gone to the hearing. It is the right thing to do and I wanted to do the

3   right thing for myself, my family and for my daughter. I would have gone because my family

4   had borrowed money that they had to pay back and that they would not get back unless I went

5   to that hearing.  I wanted to live without being afraid. I wanted to be able to live like my

6   parents who at that time were in the middle of becoming legal permanent residents. I would

7   never had done anything to mess up my parents' chance to become legal permanent residents.

8   I wanted that for myself and thought the best chance to do that would be to talk to the judge

9   about what I could do to do that.

10  23.   I never did see a judge and my family never did get that money back from the INS.

11  24.   No one ever told me that I could voluntarily depart the country. If they had, I would have

12       voluntarily left. I would and could have paid for my transportation out of the country. I

13       would have borrowed whatever money I needed for transportation and for bond from my

14       family, the family friend, my girlfriend and my coworkers at both restaurants.

15  25.   I would have gone to Mexico and learned everything I could about the immigration papers

16       that were needed to rejoin my family, my daughter and my girlfriend.

17

18  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

19  Executed this 3rd day of March, 2008, at Oakland, California.

20                               Respectfully submitted,

21

22                               *Noé Arias Ordonez*
                                 Noe ~~Sanchez~~ Ordonez

23                               Arias

24

25

26

DEF. MOT. TO DISM. INDICT.
No CR-07-00738 MMC                              4