Exhibit L



**Social Advocates
for Youth**
Serving Youth and Families

August 18, 1995

TO WHOM IT MAY CONCERN:

RE:  *Noe Arias Ordonez*
Summer Youth Conservation Corp

I am pleased to have the opportunity to write a letter of reference for the above-named Summer Youth conservation Corp (SYCC) participant.  As an employee of the seven week S.Y.C.C. job skills training program, this participant learned basic landscaping and conservation skills while restoring parks and recreational facilities and blazing trails in the Sonoma County area.

Additionally, this participant earned school credit for attending classes to learn job seeking skills as methods of career exploration.  Above all, this participant's performance was characterized by a willingness to work and learn new skills; dependability in completing assigned tasks, and cooperation with fellow employees and supervisors.

Sincerely,

Ellen Swedberg
S.Y.C.C. Program Director

1303 College Avenue
Santa Rosa, CA 95404
707/544-3299



# S.A.Y./S.Y.C.C.

This Award Is Proudly Presented To

*Noe Arias Ordóñez*

WHOSE REMARKABLE TALENT

**Dedicated to working hard**

greatly enhanced the efficiency of the 1995 Summer
Youth Conservation Corps.



# Certificate of Achievement

Be it known that

*Joe Arias*

has achieved the degree of proficiency for

*Outstanding Leadership*

and is hereby awarded and honored such
recognition

*Laura C.S.          Bill Burke* 
_____

*6-12-97*
_____
date

Exhibit M

NO. VA208 ©COPYRIGHT, 1999, HAYES SCHOOL PUBLISHING CO., INC., PITTSBURGH, PA.

# Certificate of Achievement

THIS CERTIFIES THAT

*Noé Ordonez Frias*

has achieved the high standard of excellence in

*Mathematics Skills*

and is awarded this

At *Santa Rosa, CA* this *15th* day of *January* year of *2003*

*Jane Whitely*

*Sonoma County Office of Education*



Exhibit N

1  BARRY J. PORTMAN
   Federal Public Defender
2  ELIZABETH M. FALK
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   San Francisco, CA  94102
4  Telephone: (415) 436-7700

5

6  Counsel for Defendant ARIAS-ORDONEZ

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,       )   No. CR 07-00738 MMC
                                    )
12              Plaintiff,          )   **DECLARATION OF SOFIA ORDONEZ**
                                    )   **SANCHEZ IN SUPPORT OF MOTION TO**
13                                  )   **DISMISS INDICTMENT**
         v.                         )
14                                  )
                                    )
15  NOE ARIAS-ORDONEZ,              )
                                    )
16              Defendant.          )
    _____)

17

18  1.   My name is Sofia Ordonez Sanchez and I am the mother of Noe Arias-Ordonez.

19  2.   I have 6 children.  Noe is my third son.

20  3.   From 2002 until approximately June or July, 2003, I lived at 140 Northside Avenue, Sonoma,

21       California.

22  4.   Noe lived there as well; he slept there at night and worked at many jobs during the day.

23  5.   He would go straight from one job to another job.

24  6.   The house at 140 Northside Avenue was a small house but we were waiting to move back

25       into our old home at 30 Madera Road, Sonoma, California that had been under construction

26

1    ever since a fire in 2002.  As of March 3, 2003, I believed that we would move back any day

2    and so would often give that address as my residence.

3    7.    Although our residence changed since the fire in 2002 and again in 2003, our mailing address

4    always remained the same.

5    8.    From 1992 or 1993 to the present time, our family's mailing address has been P.O. Box 1060,

6    Boyes Hot Springs, California 95416.

7    9.    This was Noe's mailing address as well.

8    10.   I usually check the post office box twice a week but no less than once a week.

9    11.   In 2003, Noe called me and told me that the INS had him.  When I went to pay the INS to get

10    Noe out of their custody, I waited a long time at the INS building at Sansome Street.

11    12.   When the INS man showed up, he appeared to me to be in a great hurry and appeared to be in

12    a bad mood.  He asked me if the address he had was the mailing address.  I understood that he

13    was asking me if that is where I received mail.  I told him no.  He asked, "Where do you get

14    mail?"  I told him and pronounced it for him.  I said, "P.O. Box 1060, Boyes Hot Springs,

15    California, 95416.  I could not see the paper but I could tell he was writing down what I said.

16    13.   I had borrowed the money from a good friend to use to get Noe out of custody.  I told Noe

17    that I had borrowed it and Noe explained to me that it was like a deposit and that I would get

18    it back after a hearing.

19    14.   We never received any letter telling us when the hearing would be.

20    15.   If we had received a letter telling us about a hearing date, Noe and I would have gone to the

21    hearing because of the money we had borrowed and because I did not want to do anything to

22    jeopardize my own immigration status.  That is why later when we did receive the letter about

23    his order of removal, we went to the INS to find out what had happened.

24    16.   When I received that letter from the INS about their decision to remove Noe, I did not

25    understand what had happened and I wanted to find out about the money.  Noe and I went to

26

1         the INS office at Sansome Street. He did not have identification and so he could not get into

2         the building.

3   17.    Although we received the letter about the INS decision to remove Noe, we did not receive

4         any mail from the INS for Noe telling us when the hearing would be held.

5   18.    I have been told that Noe may have been able to leave the U.S. on his own before the hearing

6         if someone had told him about the chance. I would have been able to borrow the money from

7         any of the people I work for – for him to travel by bus out of the country, for another bond,

8         for whatever. I always thank God for having such good people in my life. Of course, I would

9         have given him the money to leave. It broke my heart when they took him away and he had

10       to leave the way they did. He is my son.

11

12 I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

13 Executed this 26th day of February, 2008, at San Francisco, California.

14                         Respectfully submitted,

15

16

17                     Sofia Ordonez Sanchez

18 I attest that I have faithfully translated this document from English to Spanish.

19

20                     DAVID SWEET-CORDERO

                      Certification # 93-537

21

22

23

24

25

26

Exhibit O

1  BARRY J. PORTMAN
   Federal Public Defender
2  ELIZABETH FALK
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   19th Floor
4  San Francisco, CA. 94102

5

6  Counsel for Defendant Noe Arias Ordonez

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )
                                       )
12              Plaintiff,             )    DECLARATION OF ANGELA BEAN IN
                                       )    SUPPORT OF Noe Arias Ordonez
13  vs.                                )
                                       )
14      Noe ARIAS ORDONEZ,             )
                     Defendant.        )
15  _____  )
                                       )
16                                     )

17

18      I, Angela Bean, declare:

19      1.      I am an attorney admitted to practice in all courts of the State of California and in

20  this Court.  I have personal knowledge of the facts set forth in this declaration, and, if called as a

21  witness, could testify to those facts under oath.  I am submitting this declaration as an expert

22  witness and certified specialist in Immigration and Nationality Law.

23      2.      Mr. Arias Ordonez is charged with illegal reentry after deportation in violation of

24  8 U.S.C. §1326.  He was ordered removed *in absentia* on June 6, 2003 by Immigration Judge

    - 1 -

25  Bean Declaration
    Noe Arias Ordonez

1    Miriam Hayward in San Francisco, California and U.S. Attorney records reflect an actual

2    deportation on November 6, 2003.

3         3.    As stated above, Mr. Arias Ordonez did not appear for his June 6, 2003 hearing,

4    and the proceeding was held *in absentia*. For *in absentia* hearings, the alien is ordered removed if

5    the government can provide sufficient evidence to sustain the charges of removability by clear and

6    convincing evidence.  INA. § 240(b)(5).  Any applications for relief or other defenses potentially

7    available to the alien are deemed abandoned and denied for lack of prosecution.

8         4.    Despite his removability, had Mr. Arias Ordonez been present at his removal

9    hearing, he would have been able to request voluntary departure in lieu of removal.  At the time of

10   the removal hearing, Mr. Arias Ordonez was eligible for voluntary departure under INA §

11   240B(a)(1) for a period of 120 days.  This is known as "prehearing voluntary departure", for which

12   good moral character is not a statutory requirement (unlike voluntary departure obtained at the

13   conclusion of proceedings.).

14        5.    All that is required for prehearing voluntary departure is that the alien pay for

15   transportation out of the United States, not be an aggravated felon, and not been previously granted

16   voluntary departure after having been found inadmissible under INA § 212(a)(6)(A).  *See,*

17   *INA§240B(a)(1).*

18        6.    There is nothing in the record to show that Ms. Arias Ordonez was previously

19   granted Voluntary Departure prior to 1998.  Further, while the government documents reflect Mr.

20   Arias Ordonez had a criminal history in June, 2003, none of his offenses would be properly

21   categorized as "aggravated felonies" under INA § 101(a)(43).  Accordingly, neither Mr. Arias

22   Ordonez' criminal nor immigration history would have prevented him from obtaining voluntary

23   departure.

24
     2
25        Bean Declaration
          Noe Arias Ordonez

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3    EXECUTED Wednesday, March 05, 2008, Oakland, California.

4

5    _____

     Angela M. Bean

6    Attorney at Law
     Oakland, California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24       3

25       Bean Declaration
         Noe Arias Ordonez

26