JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7241
   Facsimile: (415) 436-7234
   owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> NOE ARIAS-ORDONEZ, <br>     Defendant. | No. CR 07-0738 MMC <br><br> **THE UNITED STATES' REPLY TO DEFENDANT'S SECOND SUPPLEMENTAL BRIEF RE: MOTION TO DISMISS** <br><br> Date: May 28, 2008 <br> Time: 2:30pm <br> Place: Courtroom 7, 19th Floor |

**INTRODUCTION**

The purpose of this final supplemental filing is to bring two issues to the Court's attention. First, Defendant Noe Arias-Ordonez has not made out a plausible showing that he would have requested and received pre-hearing voluntary departure under 8 U.S.C. § 1229c had he shown up at his deportation hearing. Second, the Court should reconsider its tentative position that Arias-Ordonez was deprived of his opportunity for judicial review because he could not pursued judicial remedies from outside the United States.

## I. ARIAS-ORDONEZ HAS NOT SHOWN THAT HE WOULD HAVE REQUESTED PRE-HEARING VOLUNTARY DEPARTURE.

In his supplemental filing, Arias-Ordonez presented the declaration of Angela Bean, an immigration lawyer. Ms. Bean, who does not claim to have met or spoken to Arias-Ordonez, testifies that had Arias-Ordonez shown up for his deportation hearing, either the immigration judge or a pro-bono attorney would have convinced him that he had no chance for avoiding deportation, and that he should accept pre-hearing voluntary departure.

The Court should disregard this declaration, because not only does it engage in pure speculation about how Arias-Ordonez would behave in a deportation hearing, it is inconsistent with the best evidence of Arias-Ordonez's intentions: his own sworn testimony.

In the declaration that Arias-Ordonez submitted in support of his motion, he testifies that he wanted to go through the deportation hearing process because, in his words, "I wanted to ask for a chance to be here legally and to file whatever paperwork I had to – just as my parents were then doing so that they could be legal residents." Falk Decl., Exhibit I, ¶13. Moreover, Arias-Ordonez signed a form asking for a deportation hearing rather than voluntary departure, which he was also offered. *See* Exhibit A to the United States' First Supplemental Brief. Arias-Ordonez's mother also testified that she and her son would have gone to the deportation hearing because she did not want to risk jeopardizing her own immigration status. Falk Decl., Exhibit N, ¶15.

Finally, Arias-Ordonez was already offered voluntary departure, and refused it in favor of a deportation hearing. Exhibit A, United States' First Supplemental Brief.

It is not plausible for Arias-Ordonez to argue, on the basis of an immigration lawyer's speculations, that he would have acted in a manner that is contrary to his own testimony, and accepted pre-hearing voluntary departure rather than go through with a deportation hearing.

**II.    ARIAS-ORDONEZ COULD HAVE PURSUED JUDICIAL REMEDIES FROM ABROAD.**

At the previous hearing on Arias-Ordonez's motion, the Court expressed its opinion that it was not likely to find that Arias-Ordonez could have pursued judicial remedies from outside the United States. The United States respectfully asks the Court to reconsider this position, in light of the Ninth Circuit authority set forth below.

In its recent decision in *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007), the Ninth Circuit directly addressed the issue of whether an alien could pursue judicial remedies from outside the United States, and found that he could:

> If Morales has a legitimate basis for challenging his prior removal order, he will be able to pursue it after he leaves the country, just like every other alien in his position.

In an earlier case, *Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1172 (9th Cir. 2003), the Ninth Circuit also noted that aliens can pursue their immigration cases from abroad, after their deportation:

> Even if a petition for review is filed, IIRIRA permits the INS to remove aliens without delay after an unfavorable BIA decision, and it allows aliens to continue their cases from abroad.

*Id*. Thus, Arias-Ordonez cannot show that he was deprived of the opportunity for judicial review, just because he was deported.

The Ninth Circuit has also held that aliens can pursue habeas corpus petitions from abroad, when INS officers have deported aliens before they were able to seek judicial or administrative relief. *Singh v. Waters*, 87 F.3d 346, 349-50 (9th Cir. 1996) (holding that an alien deported from the United States before he could seek a stay of removal was "an alien in custody pursuant to an order of deportation.").

The Court should find that Arias-Ordonez has failed to meet the showing, required under 8 U.S.C. § 1326(d)(2), that he was deprived of the opportunity for judicial review, purely because he was deported.

**CONCLUSION**

Arias-Ordonez has failed to show that he plausibly would have requested pre-hearing voluntary departure had he gone to his removal hearing, or that he was deprived of judicial remedies by virtue of his removal.

The Court should deny Arias-Ordonez's motion to dismiss.

DATED: May 21, 2008                    Respectfully Submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


  /s/ Owen Martikan
OWEN P. MARTIKAN
Assistant United States Attorney