JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7241
    Facsimile: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> NOE ARIAS-ORDONEZ, ) <br> ) <br>     Defendant. ) <br>_____ ) | No. CR 07-0738 MMC <br><br> **THE UNITED STATES' MEMORANDUM SUPPORTING STAY OF ORDER OF RELEASE PENDING APPEAL** <br><br> Date: June 4, 2008 <br> Time: 2:30 <br> Place: Courtroom 7, 19th Floor |

**INTRODUCTION**

The Court has ordered the United States to set forth the authority supporting defendant Noe Arias-Ordonez's detention pending the United States' appeal of this Court's order dismissing the indictment in this case. This memorandum sets forth that authority, and proposes a resolution of this issue.

USA'S MEMO RE: DETENTION PENDING APPEAL
CR 07-0738 MMC

**ARGUMENT AND AUTHORITIES**

**I.   THIS COURT HAS THE AUTHORITY TO DETAIN ARIAS-ORDONEZ PENDING THE GOVERNMENT'S APPEAL.**

Under 18 U.S.C. § 3143(c), the Court shall treat a defendant in a case in which an appeal has been taken by the United States under 18 U.S.C. § 3731 in accordance with 18 U.S.C. § 3142, unless the defendant is "otherwise subject to a release or detention order." An appeal from the dismissal of an indictment is an appeal under 18 U.S.C. § 3731. Thus, this Court should evaluate Arias-Ordonez's continued detention pending appeal as if it were evaluating his pre-trial detention. One district court has interpreted this statute as allowing, but not requiring a district court to hold a detention hearing when a release order or detention order is otherwise in effect, but as requiring a district court to follow the standards in 18 U.S.C. § 3142 if it does hold a hearing. *United States v. Shareef*, 907 F.Supp. 1481, 1483 (D. Kan. 1995).

Under 18 U.S.C. § 3142(g), the district court shall consider several enumerated factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. These factors include the nature of the charged offense, the defendant's criminal, employment, and family history, drug and alcohol history, previous record of appearances at court proceedings, and whether the defendant was on parole, probation, or supervised release for any offense at the time of the charged offense. *Id*. Also, the Court should consider whether the defendant poses a serious danger to the community if released.

The United States submits that these factors justify Arias-Ordonez's detention pending appeal.

## II. THE § 3142 FACTORS FAVOR ARIAS-ORDONEZ'S DETENTION.

### A. Arias–Ordonez Poses a Serious Risk of Flight.

Arias-Ordonez is an admitted illegal alien who is currently under an ICE detainer. If the Court were to release him, he would be deported. Indeed, absent a voluntary decision by ICE to stay Arias-Ordonez's removal and detain him in ICE custody or bail him out, his deportation – or if eligible, his voluntary departure – is a certainty. 8 U.S.C. § 1227(a)(1)(B) (requiring removal of aliens present in the United States in violation of law).

However, even if ICE were to agree to release Arias-Ordonez on bail, he poses a serious flight risk. Arias-Ordonez is facing his tenth deportation in five years. He was deported four times in 2006; three times in July alone. He was facing his third deportation of the year in 2007 when the United States brought the current case. Arias-Ordonez clearly has no respect for international borders, and the Court cannot be assured that he will remain in this District.

Arias-Ordonez also appears to have an outstanding warrant on state firearms charges that were filed in October, 2007, before he was arrested on the case before this Court. As he is subject to arrest on this warrant, his appearance before this Court would not be assured if he were released. The United States is locating this warrant and will provide it to the Court before the June 4 hearing.

Moreover, Arias-Ordonez has failed to appear several times in state court. His rap sheet shows failures to appear in 2001, 2004, and 2005. And though Arias-Ordonez's parents live in the United States, he does not have the type of strong family connections that would ensure his appearance in Court. He is not married, he apparently does not have custody of his daughter, and he apparently does not have stable employment.

Arias-Ordonez does not appear to own any property in the United States.

The Court should find that Arias-Ordonez poses a serious flight risk if released.

**B.      Arias-Ordonez Poses A Serious Danger to the Community.**

Before Arias-Ordonez came into ICE custody in November, 2007, he was awaiting trial on firearms charges in Sonoma County. The United States is currently attempting to retrieve the police reports for those charges, and will provide them to the Court before the June 4 hearing. If these charges are true, then Arias-Ordonez' possession of a firearm or ammunition poses not only a danger to the community, it also constitutes a violation of federal law (18 U.S.C. § 922(g)) and a violation of the probation from Arias-Ordonez's state court felony conviction. Arias-Ordonez has four misdemeanor convictions, one for possession of methamphetamine and one for resisting arrest, and a felony conviction for receipt of stolen property.

Arias-Ordonez's criminal history appears to have become gradually more serious after his first deportation, culminating in a potential federal firearms offense. The Court has no assurance that his criminal activity will not continue if he is released.

**CONCLUSION**

The United States believes that the Court should detain Arias-Ordonez pending appeal, based on the factors set forth in 18 U.S.C. § 3142. However, for purposes of resolving this issue, the United States suggests that the Court order Arias-Ordonez detained until this Office decides whether an appeal is warranted. If this Office decides not to proceed, then the Court should release Arias-Ordonez to ICE custody. If the Office decides to seek DOJ approval for appeal, then the Court may hold a further detention hearing to ensure that the DOJ approval process does not take too long. If DOJ approves an appeal, then perhaps the parties can discuss release conditions at that time.

DATED: May 30, 2008                                              Respectfully Submitted,

                                                                 JOSEPH P. RUSSONIELLO
                                                                 United States Attorney


                                                                    /s/ Owen Martikan
                                                                 OWEN P. MARTIKAN
                                                                 Assistant United States Attorney

USA'S MEMO RE: DETENTION PENDING APPEAL
CR 07-0738 MMC